### PEMBROKE.

The validity of an election being called in question, on the ground, that the member returned did not possess the requisite qualifications as to property, it was held, that the burden of proof was on the petitioners.

THE election of John Turner, returned a member from Pembroke, was objected to on the ground, that he did not possess the estate required by the constitution to qualify him for a representative. The petition of sundry inhabitants of that town, alleging his want of qualification, was referred to a committee,[2] upon whose report it was ordered that the parties be heard upon the floor, by council, and a time was assigned for the hearing.[3]

At the time assigned, the petitioners appeared by James Sullivan, Esq., as their council, and Mr. Turner in his seat. It was moved by the petitioners, that Mr. Turner should be

[1] 7 J. H. 141.        [2] Same, 17.        [3] Same, 58.

required to produce evidence of his qualification; whereupon, it was made a question, whether Mr. Turner ought to prove himself a qualified member, according to the constitution? and the question being put, passed in the negative, twenty-five members only, out of one hundred and thirteen, voting in the affirmative. The further consideration of the case was then postponed for one week, and a commissioner appointed, to take depositions, in the mean time, relative to the subject matter of the petition.[1] The house proceeded again, on the day to which the case was postponed, to hear the parties, and having fully heard them, it was moved and seconded, that the following be made a question, viz.: " whether it appears that John Turner is qualified, according to the constitution, to represent the town of Pembroke, in the general court?" It was then moved and seconded, that the said question give place to the following, viz.: " whether the evidence produced is sufficient to shew, that Mr. Turner, who has been admitted to vote as a qualified member for the town of Pembroke, is not qualified agreeably to the constitution of the commonwealth?" and the question being put upon such substitution, it passed in the affirmative. The question last stated was then taken, and determined in the negative.[2] The question was then put, whether Mr. Turner has a constitutional right to retain his seat, and passed in the affirmative.[3]

[1] 7 J. H. 60.

[2] The property qualification, which was required by the constitution until after the adoption of the thirteenth article of amendment, seems to have been rendered ineffectual to some extent, by the rule adopted in this case, and afterwards generally adhered to, requiring the petitioners to prove the disqualification, that is, that the member in question did not possess the requisite amount of property.

In England, where members of the house of commons, with some exceptions, must possess a certain amount of property, in order to be eligible, every member is required by statute, before he shall sit or vote, after the choice of a speaker, to deliver in at the table of the house a statement of his property qualification, and at the same time to make and subscribe a declaration, that, to the best of his belief, he is duly qualified. If he shall make a false declaration, or deliver in an untrue statement, he will be guilty of a misdemeanor; and an omission to make the statement and declaration will avoid the election.

[3] 7 J. H. 91, 92.